OPINION
{¶ 1} Defendant-appellant Alan Glass appeals from his sentence in the Youngstown Municipal Court for violating Youngstown City Ordinance 521.08. The issue presented in this appeal is whether the trial court complied with the misdemeanor sentencing statute, R.C. 2929.22. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Glass was ticketed for violating Youngstown City Ordinance 521.08(c), Littering and Deposit of Garbage, Rubbish, Junk, Etc., an unclassified misdemeanor.[1] Glass entered a not guilty plea to the charge; however, later he withdrew the not guilty plea and entered a no contest plea. The trial court found that Glass violated Youngstown City Ordinance 521.08 and ordered a pre-sentence investigation report (PSI). After reviewing the PSI, the trial court sentenced Glass to 30 days in jail, 18 months of intensive probation, community service (hours to be determined at a later date), and ordered him to pay court costs. Glass appeals from the sentence.
 LAW AND ARGUMENT {¶ 3} Glass' brief fails to comply with App.R. 16(A)(3); the brief fails to specifically identify an assignment of error. However, in the interest of seeking justice, we will address his argument which questions whether the trial court complied with the misdemeanor sentencing statute, R.C. 2929.22. Glass argues that the trial court abused its discretion and did not consider all the factors it should have under R.C. 2929.22.
 {¶ 4} An appellate court reviews a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. R.C. 2929.22; State v. Frazier, 158 Ohio App.3d 407,2004-Ohio-4506, ¶ 15. An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Statev. Adams (1980), 62 Ohio St.2d 151.
 {¶ 5} R.C. 2929.22 is the misdemeanor sentencing statute.[2] Subsection (A) provides that unless a mandatory jail term is required, the sentencing court has discretion to determine the most effective way to achieve the purposes and principles of misdemeanor sentencing when sentencing an offender. R.C. 2929.22(A).
 {¶ 6} Subsection (B) then lists factors a trial court, after considering the purposes of misdemeanor sentencing, must consider in determining the appropriate sentence to issue. R.C.2929.22(B)(1). The factors to be considered are:
 {¶ 7} "(a) The nature and circumstances of the offense or offenses;
 {¶ 8} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 9} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 10} "(d) Whether the victim's youth, age, disability, or other factors made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 11} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section." R.C. 2929.22(B)(1).
 {¶ 12} The record in this case is clear that the trial court complied with the misdemeanor sentencing statute. First, it considered the purposes of the misdemeanor sentencing statute enumerated under R.C. 2929.21(A). R.C. 2929.21 (A) states:
 {¶ 13} "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C.2929.21(A).
 {¶ 14} The trial court specifically stated these purposes at the sentencing hearing. (Tr. 6). It even went as far as to explain how the purposes applied to the initial case. (Tr. 6). It stated that, "there is a concern on the public's part about the Defendant's behavior and the Court's sentence is going to reflect an effort to protect the public from future crime." (Tr. 6). Thus, the trial court complied with R.C. 2929.22(A).
 {¶ 15} Second, the trial court considered all relevant factors under R.C. 2929.22(B)(1). At the hearing, the court referenced Glass' history of violating Youngstown City Ordinance 521.08 and other similar violations dealing with rubbish, housing violations and junk yards. (Tr. 6-7, 9-10). The court stated that going back as far as 2000, there were 13 violations that were either the same or similar to the one at hand. (Tr. 6). However, it did note that some were dismissed. (Tr. 6). The court then listed ten of these violations; he pled guilty to six and four were dismissed. (Tr. 9). In this discussion, the court referenced the fact that Glass never received jail time, but instead was fined. (Tr. 9-10). The court noted that despite these fines, Glass kept violating the same or similar ordinances. (Tr. 9-10). This discussion as to his history of violations directly deals with R.C. 2929.22(B)(1)(a), (b), (c) and (e).
 {¶ 16} Subsection (B)(1)(d) of R.C. 2929.22, is inapplicable in this case due to the facts, thus it would have been fruitless for the trial court to have discussed this issue.[3]
Regardless, the trial court's failure to specifically state that it considered subsection (B)(1)(d) does not render the sentence invalid. The statute does not require the trial court to discuss the above factors and findings on the record at the sentencinghearing, rather, the only requirement is that the trial court "shall" consider the factors.
 {¶ 17} Absent from R.C. 2929.22 is any language that findings and reasons must be stated "on the record." Thus, in this way the misdemeanor sentencing statute differs from that of the felony sentencing statute. The felony sentencing statute in certain instances requires findings and/or reasons to be statedon the record. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, ¶ 20-21 (stating that when imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) findings and reasons must be stated on the record at the sentencing hearing); State v. Singh, 157 Ohio App.3d 603,2004-Ohio-3213, ¶ 52 (stating that when a trial court deviates from the minimum sentence it must state the appropriate findings, not reasons, on the record at the sentencing hearing). The misdemeanor sentencing statute only requires that "the court shall consider" all of the factors listed in subsection (B)(1).
 {¶ 18} Considering how closely the trial court's conversation followed the statute and the comments referenced above, we find that the trial court considered all of the relevant factors in subsection (B)(1). Thus, the trial court acted in conformity with subsection (B)(1).
 {¶ 19} Glass argues that the trial court abused its discretion when it did not consider two additional factors that are not specifically listed in subsection (B)(1): Glass' mental health, and Glass' attempt to clean-up the property. We find this argument unpersuasive.
 {¶ 20} Subsection (B)(2) of R.C. 2929.22 states:
 {¶ 21} "In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." (Emphasis added).
 {¶ 22} The language in this subsection, use of the word may, indicates that it is not mandatory for the trial court to consider other factors. Thus, it was within the trial court's discretion to consider the above two factors listed by Glass if it so chose.
 {¶ 23} As to the mental health issue, the trial court was aware of the alleged mental health problem and did consider it in sentencing. At the beginning of the sentencing hearing, counsel for Glass referenced the alleged mental health issue. (Tr. 2-4). Glass then spoke to the court and he referenced his alleged mental health problem. (Tr. 5). Furthermore, the PSI briefly references Glass' mental health issues. Moreover, at the end of the sentencing hearing, the trial court stated the following in reference to Glass' mental health:
 {¶ 24} "The Court: Let me speak to that. This Court is the Court that will conduct the mental health treatment program. This Court understands, number one, you don't fit the profile for that Court. I do understand that you believe you have serious mental health issues, but not to the extent that you belong in that particular program. Just judging from you [sic] experience with the mental health field and from the legal perspective, you are quite aware of what's going on, and I believe you have the facilities to address these issues. Continuing counseling is appropriate at this time, but that has been — " (Tr. 12-13).
 {¶ 25} Even though there was only a little information in the PSI, the trial court was well aware of the alleged mental health issue. The trial court did consider this issue and it appears that sufficient information was before it to make an informed decision regarding sentencing. Thus, Glass' argument as to this factor is inaccurate, the trial court did consider the mental health issue when sentencing him.
 {¶ 26} As to the issue of clean-up, counsel for Glass did inform the court that there was some clean-up of the property. Yet, other information also suggested that sometime prior to the sentencing hearing another citation for violating the same ordinance section was issued. Thus, information as to any clean-up of the property was before the trial court to consider. However, due to the conflicting nature of the evidence, we cannot conclude that the trial court abused its discretion by not using any alleged clean-up as a mitigating factor in sentencing. Regardless, even if the evidence was clear that clean-up occurred, as stated above, it was within the trial court's discretion to consider or not consider this factor. Most likely it would not be an abuse of discretion for the trial court to disregard this factor when considering that Glass had six previous similar violations. Thus, this argument lacks merit.
 {¶ 27} Considering all the above, we cannot conclude that the trial court abused its discretion in sentencing Glass to 30 days in jail for violating Youngstown City Ordinance 521.08(c).
 {¶ 28} For the foregoing reasons, the judgment of the trial is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.
[1] While a violation of Youngstown City Ordinance 521.08(c) is an unclassified misdemeanor, it is punishable by 6 months in jail and a $1,000 fine. Youngstown City Ordinance 521.99. Thus, it is equivalent to a first-degree misdemeanor.
[2] Effective January 1, 2004, House Bill 490 amended R.C.2929.22. This opinion is dealing with the amended version of R.C.2929.22.
[3] The victim in this instance would be the public.