OPINION
{¶ 1} Defendant-appellant, Kyle Collins (hereinafter "Collins"), appeals the February 11, 2005 judgments of the Lima Municipal Court sentencing him to two consecutive 180 day sentences for two separate driving under suspension offenses. Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Collins' sentence was the result of two different incidents. On July 24, 2004, Collins was charged with driving under suspension, a violation of R.C. 4511.192. Collins was also charged during that same incident with operating a motor vehicle while intoxicated, possession of drugs, having unauthorized license plates on a motor vehicle, and failure to wear a seat belt. On January 9, 2005, Collins was cited for a second time for driving under suspension, a violation of R.C. 4510.037(J), and for speeding.
 {¶ 3} On February 11, 2005, Collins entered into a plea agreement. Under the agreement, Collins pleaded guilty to both charges of driving under suspension, possession of drugs, and an amended charge of reckless operation of a motor vehicle. All other charges were dismissed. The municipal court sentenced Collins to 180 days for each driving under suspension, and ordered the sentences to be served consecutively for a total of 360 days in jail.
 {¶ 4} It is from this decision that Collins appeals, setting forth three assignments of error for our review.
 {¶ 5} Although Collins has phrased his first two arguments as two separate assignments of error we consider them together for purposes of clarity.
 ASSIGNMENT OF ERROR NO. 1 The Trial Court erred in sentencing the Defendant by not followingR.C. 2929.21.
 ASSIGNMENT OF ERROR NO. 2 The Trial Court erred in sentencing the Defendant by not followingR.C. 2929.22.
 {¶ 6} Collins asserts that his sentence was not in compliance with the purposes of misdemeanor sentencing set forth under R.C. 2929.21, and that the municipal court failed to consider all of the factors under R.C.2929.22. For the reasons that follow, we find Collins' first and second assignments of error lack merit.
 {¶ 7} A misdemeanor sentence will not be disturbed on appeal unless the trial court abused its discretion. City of Youngstown v. Glass, 7th Dist. No. 04 MA 155, 2005-Ohio-2785, at ¶ 4. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. Id., citing State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 8} R.C. 2929.22 sets forth the sentencing guidelines for misdemeanor sentencing.[1] R.C. 2929.22(A) provides that, unless a mandatory jail term is required, a sentencing court maintains discretion to determine the most effective way to achieve the purposes of sentencing set forth in R.C. 2929.21. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). To achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." Id. Furthermore, any sentence imposed must be reasonably calculated to achieve the purposes of misdemeanor sentencing. R.C.2929.21(B).
 {¶ 9} R.C. 2929.22 then lists factors that a sentencing court, after considering the purposes of misdemeanor sentencing, must consider in imposing a sentence. R.C. 2929.22(B) reads, in pertinent part, as follows:
(1) In determining the appropriate sentence for a misdemeanor, thecourt shall consider all of the following factors: (a) The nature andcircumstances of the offense or offenses; (b) Whether the circumstancesregarding the offender and the offense or offenses indicate that theoffender has a history of persistent criminal activity and that theoffender's character and condition reveal a substantial risk that theoffender will commit another offense; (c) Whether the circumstancesregarding the offender and the offense or offenses indicate that theoffender's history, character, and condition reveal a substantial riskthat the offender will be a danger to others and that the offender'sconduct has been characterized by a pattern of repetitive, compulsive, oraggressive behavior with heedless indifference to the consequences; (d)Whether the victim's youth, age, disability, or other factor made thevictim particularly vulnerable to the offense or made the impact of theoffense more serious; (e) Whether the offender is likely to commit futurecrimes in general, in addition to the circumstances described indivisions (B)(1)(b) and (c) of this section.
 (2) In determining the appropriate sentence for a misdemeanor, inaddition to complying with division (B)(1) of this section, the court mayconsider any other factors that are relevant to achieving the purposesand principles of sentencing set forth in section 2929.21 of the RevisedCode.
R.C. 2929.22(C) further provides:
(C) Before imposing a jail term as a sentence for a misdemeanor, acourt shall consider the appropriateness of imposing a community controlsanction or a combination of community control sanctions under sections2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court mayimpose the longest jail term authorized under section 2929.24 of theRevised Code only upon offenders who commit the worst forms of theoffense or upon offenders whose conduct and response to prior sanctionsfor prior offenses demonstrate that the imposition of the longest jailterm is necessary to deter the offender from committing a future crime.
 {¶ 10} In the case sub judice, Collins was sentenced to two terms of 180 days for two separate driving under suspension offenses. Collins argues that his sentence was not in compliance with the purposes of misdemeanor sentencing set forth under R.C. 2929.21, and that the municipal court failed to consider all of the factors under R.C. 2929.22(B) and (C).
 {¶ 11} First, the transcript of Collins' sentencing reflects that the municipal court considered the purposes of misdemeanor sentencing, both protective and punitive, and the need for altering Collins' behavior. See R.C. 2929.21(A). For example, the municipal court reviewed Collins' past criminal record, which included, in addition to the charges set forth above, prior convictions for reckless operation of a motor vehicle, two instances of operating a motor vehicle without a license, and possession of drugs. The municipal court also considered Collins' prior substance abuse. Collins demonstrated a history of persistent criminal activity and the municipal court could reasonably conclude a sentence of significant length was necessary to deter him from committing future violations. We find, therefore, that the sentence imposed is consistent with the purposes of misdemeanor sentencing set forth in R.C. 2929.21(A).
 {¶ 12} Second, although it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth in R.C. 2929.22, the statute does not mandate that the record state that the trial court considered the applicable statutory factors. Consequently, this court will presume that the trial court, in sentencing a misdemeanor offender, has considered the factors set forth in R.C.2929.22 when the sentence is within the statutory limits and there is no affirmative showing that the trial court failed to do so. See State v.Ramirez, 3d Dist. No. 13-04-30, 13-04-31, 2005-Ohio-1430, at ¶ 30; Statev. Ward, 3d Dist. Nos. 1-03-70, 1-03-74, 1-03-75, 2004-Ohio-4156, at ¶ 10; accord State v. Kelly, 2nd Dist. No. 2004 CA 122, 2005-Ohio-3058, at ¶ 25-26; City of Maple Heights v. Sweeney, 8th Dist. No. 85415,2005-Ohio-2820, at ¶ 8-10; State v. Adams, 5th Dist. No. 2002CA00089, 2003-Ohio-3169, at ¶ 16; State v. Polick (1995), 101 Ohio App.3d 428,431. "Unless the record contains an affirmative indication that the trial court failed to consider the statutory criteria, the trial judge's sentence will not be reversed." Ramirez, 2005-Ohio-1430, at ¶ 30, citingPolick, 101 Ohio App.3d at 431.
 {¶ 13} The sentence imposed on Collins falls within the statutory limits, and there is no affirmative indication that the trial court failed to consider the factors contained in R.C. 2929.22. Consequently, the municipal court is presumed to have complied with R.C. 2929.22. Even in the absence of the presumption, however, the fact that the municipal court considered Collins' criminal record, as well as his substance abuse, at the sentencing hearing indicates that the municipal court did, in fact, consider the relevant factors. See R.C. 2929.22(B)(1)(b); R.C.2929.22(B)(2). Thus, it was not unreasonable for the trial court to conclude that the two maximum 180 day sentences were warranted in light of Collins' repeated violations and the potential for future violations. We cannot say that the trial court abused its discretion in sentencing Collins to two consecutive terms of imprisonment.
 {¶ 14} Accordingly, the appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. 3 Sentencing in this case violated the Apprendi doctrine as explained inBlakely v. Washington and was therefore unconstitutional.
 {¶ 15} In the third assignment of error, Collins contends that the municipal court violated his right to a trial by jury when it imposed two 180 day sentences upon him based on findings not admitted by him or submitted to a jury. Collins relies on the holdings in Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296, for this proposition. This court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing framework.State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Collins' third assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.
[1] Effective January 1, 2004, House Bill 490 amended R.C. 2929.22. While Collins referenced the prior version of the statute in his brief, we must consider the version of R.C. 2929.22 in effect at the time of the two driving under suspension offenses. Therefore, we consider the amended version, which was in effect on July 24, 2004 and January 9, 2005.