OPINION
{¶ 1} Appellant Martin Eberth IV appeals the sentence imposed on him as a result of a probation violation for a misdemeanor offense of driving while under the influence of alcohol ("DUI"). He was originally sentenced in Mahoning County Court No. 4 to 180 days in jail, with 150 days suspended, and was given twelve months of reporting probation. During the probation period he was arrested for rape, and was subsequently charged with violating his probation. He was resentenced to an indefinite term of electronically monitored house arrest ("EMHA"), pending the outcome of Mahoning County Court of Common Pleas Case No. 2004 CR 618, the rape case. Appellant contends that the sentence is contrary to law because it is indefinite and extends beyond his original probation period. The record reflects that the trial court never changed the definite term of twelve months of probation, and that this time period had expired by the time Appellant was resentenced. Since there is no other specific term of probation listed in the record, Appellant's sentence has expired. Therefore, the judgment of the trial court is hereby vacated.
 {¶ 2} Appellant was charged on April 14, 2003, with DUI in violation of R.C. § 4511.19(A)(1). It was also alleged that he had three or more DUI convictions in six years. The charge was filed in Mahoning County Court No. 4, in Austintown, Ohio. Appellant signed a plea agreement on June 23, 2003. A plea hearing was scheduled for that day, although it is not clear from the record whether the hearing was held, and no transcript of any such hearing is in the record. Also on June 23, 2003, Appellant signed an agreed judgment entry in which he appears to have pleaded no contest to one count of DUI as a third violation within six years. The trial court sentenced Appellant to 180 days in jail, with 150 days suspended, and 12 months of reporting probation. As an addendum to the jail sentence, the court stated: "After release from jail, Defendant shall be E.M.H.A. for 120 days * * * Defendant shall be subject to mandatory drug/alcohol counseling during probation." (6/23/03 J.E.) The jail sentence was set to begin on June 28, 2003.
 {¶ 3} On May 6, 2004, Appellant was summoned to appear for a probation violation hearing. The probation violation appears to be based on the fact that Appellant was arrested for, and eventually charged with, two counts of rape and one count of gross sexual imposition while he was on probation. The rape case remains pending in the Mahoning County Court of Common Pleas, under Case No. 2004 CR 618. The probation violation hearing was postponed numerous times, and appears to have been finally held on June 20, 2005. No transcript of that hearing has been requested or provided as part of the record on appeal. The trial court filed its judgment entry on June 23, 2005. The court found Appellant to be in violation of his probation. The court ordered Appellant to be placed on EMHA within seven days. The court also held that: "EMHA to remain on defendant pending outcome of common pleas case # 04CR618." This timely appeal filed. Appellant presents two related assignments of error, which will be treated together.
 ASSIGNMENTS OF ERROR {¶ 4} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO COMMUNITY CONTROL SANCTION, EMHA (ELECTRONICALLY MONITORED HOUSE ARREST), SUBJECT TO THE OUTCOME OF THE MAHONING COUNTY COMMON PLEAS COURT CASE NO: 04CR618, INSTEAD OF A DEFINITE TERM.
 {¶ 5} "APPELLANT WAS DENIED DUE PROCESS OF LAW IN THAT THE SENTENCE OF THE TRIAL COURT WAS VAGUE, INDEFINITE, UNCERTAIN, AND EXTENDED BEYOND ITS ORIGINAL TERM."
 {¶ 6} This appeal involves a challenge to a sentence imposed in a misdemeanor case, which is reviewed for abuse of discretion.City of Youngstown v. Glass, 7th Dist. No. 04MA155,2005-Ohio-2785, ¶ 4. A sentence imposed for a probation violation in a misdemeanor case is also governed by specific statutes dealing with the revocation of probation. The general parameters of resentencing for a misdemeanor probation violation are set forth in former R.C. § 2951.09:
 {¶ 7} "When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. When the ends of justice will be served and the good conduct of the person so held warrants it, the judge or magistrate may terminate the period of probation. At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged."
 {¶ 8} The former sentencing statute is cited because, generally, the statutes in effect at the time the crime is committed govern the disposition of the case. See R.C. § 1.58. Appellant committed his crime on or about April 13, 2003, and thus, the statutes in effect on that date govern his conviction and sentence. The misdemeanor sentencing statutes underwent a major revision that became effective on January 1, 2004, but the legislative enactment that contained most of those revisions specifically stated: "The provisions of the Revised Code in existence on and after January 1, 2004, apply to a person who commits a misdemeanor offense on or after that date." Section 3 of Am.Sub.H.B. 490 of the 124th General Assembly. Furthermore, R.C. § 2951.011 expressly forbids the application of the new misdemeanor probation statutes to defendants such as Appellant who were sentenced prior to January 1, 2004:
 {¶ 9} "(B)(1) Except as provided in division (A)(1) of this section, Chapter 2951. of the Revised Code, as it existed prior to January 1, 2004, applies to a person upon whom a court imposed a sentence for a misdemeanor offense prior to January 1, 2004, and a person upon whom a court, on or after January 1, 2004, and in accordance with law existing prior to January 1, 2004, imposed a sentence for a misdemeanor offense that was committed prior to January 1, 2004."
 {¶ 10} Appellant bases the majority of his argument on statutes that did not exist at the time he committed his crime, or that have since been repealed. In fact, it is difficult to even address many of the specifics of his alleged error because his argument sometimes relies on the former statute (R.C. §2951.09, cited above, which has since been repealed) and sometimes on the new statute (R.C. § 2929.27, which only applies to crimes committed after January 1, 2004). Appellant's counsel has submitted what can only be termed as a grossly substandard brief in this appeal. Nevertheless, Appellant's counsel has alerted us to the fact that Appellant's term of probation has already expired and was not extended by the trial court, and for this reason we find reversible error in the trial court judgment.
 {¶ 11} It should be noted that the trial court's June 23, 2005, judgment entry did not expressly revoke the terms of Appellant's prior probation order. Although former R.C. § 2951.09
allows a trial court to terminate probation, the statute does not set forth that all the terms of probation are automatically terminated upon a finding that a defendant violated the terms of probation. The statute states that the trial judge, "may terminate the probation and impose any sentence that originally could have been imposed * * *." Because the trial court did not change the length of the probationary period in the subsequent sentencing entry, and because the judge did not specifically revoke or terminate the prior conditions of probation, we can only conclude that the original term of probation continued to apply. The original term of probation was twelve months, which should have expired on June 22, 2004.
 {¶ 12} According to former R.C. § 2951.09, "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged."
 {¶ 13} It is clear that the trial judge originally had the authority to impose up to five years of probation. Pursuant to former R.C. § 2951.07, "the total period of an offender's probation shall not exceed five years." The trial judge, though, did not impose a new or extended period of probation when he resentenced Appellant. The trial judge simply ordered Appellant to be placed under EMHA "pending outcome" of the rape case pending in the Mahoning County Court of Common Pleas. (6/23/05 J.E.) The felony rape case has yet to be resolved, and there is no means of knowing when the case will ever have an "outcome" given the possibility of appeals, reversals on appeal, retrials, as well as the usual delays inherent in the legal process. Thus, the only actual term of probation clear from the record is for twelve months.
 {¶ 14} Additional support for Appellant's argument comes from former R.C. § 2951.07, which states: "Probation under section2951.02 of the Revised Code continues for the period that the judge or magistrate determines and, subject to division (F)(1)(a) of that section, may be extended." Again, the only period of probation reflected in the record is the twelve-month period ordered in the original judgment entry and this period has not been extended. Applying the language of R.C. § 2951.07 to the specific language used in the trial court's judgment entries, Appellant's term of probation has expired.
 {¶ 15} Appellee does not directly address the main thrust of what is apparently Appellant's argument. Instead, Appellee first contends that Appellant agreed to the sentence and cannot now challenge it on appeal. There is nothing in the record that supports Appellee's conclusion. Although the June 23, 2005, judgment entry does indicate that copies of the judgment entry were sent to Appellant and his counsel, the judgment entry does not indicate that Appellant agreed with it or waived any rights as part of the judgment.
 {¶ 16} Appellee next contends that Appellant was properly found to be in violation of his probation, and that electronic house arrest is a permitted form of punishment available to the trial court. Assuming that these assertions are true (and there is no indication that Appellant would disagree with these conclusions), Appellee still has not addressed the relevant issue on appeal, which is: Appellant's original term of probation has expired and was never extended by the trial court.
 {¶ 17} Appellee also argues that Ohio law allows a defendant to be placed under pretrial EMHA for an indefinite period of time. Appellee cites a number of cases, including one from this Court, State v. Sullivan, 7th Dist. No. 01 CO 66, 2002-Ohio-5225. In Sullivan, the defendant was attempting to receive jail-time credit for the time he spent under EMHA prior to trial, and we concluded that, "when electronic house arrest is a condition of bail, there is no confinement for purposes of receiving credit for time served." Id. at ¶ 7. Appellee also relies on State v. Sutton, 6th Dist. No. L-03-1104,2004-Ohio-2679, in which the defendant argued that he could not be convicted of escape for violating pretrial EMHA because such a condition of his bail was not the type of detention that is referred to in the escape statute, R.C. § 2821.34. It is abundantly clear that the issues in these two cases have nothing to do with the errors raised by Appellant. This appeal does not involve any challenge to pretrial EMHA, but rather, to EMHA imposed pursuant to a probation violation.
 {¶ 18} Appellee seems to imply that Mahoning County Court No. 4 had the authority to order indefinite pretrial EMHA for a completely separate felony rape case being conducted in a different court, and that such a pretrial order in the rape case was impliedly issued in the resentencing judgment entry for Appellant's probation violation. Appellee presents no authority for these assertions and we can certainly find none.
 {¶ 19} Although Appellant has raised a vague additional error involving constitutional due process, this appeal really concerns statutory interpretation rather than constitutional law. Based on the former misdemeanor sentencing statutes applicable to this appeal, and based on the specific language used in the trial court's judgment entries, a portion of Appellant's arguments are persuasive, and the June 23, 2005, judgment entry issued by Mahoning County Court No. 4 is hereby vacated.
Vukovich, J., concurs.
DeGenaro, J., concurs.