OPINION
{¶ 1} Defendant-appellant Jarod S. Urban appeals the Tiffin Municipal Court's decision to sentence him to two concurrent jail terms totaling 30 days. Having found no error prejudicial to Urban in the particulars assigned and argued, we affirm the trial court's decision.
 {¶ 2} This is an appeal of two consolidated criminal cases that stem from separate incidents. On July 12, 2006, the Seneca County Sheriff's Office charged Urban in Case No. 06-CRB-787 with underage possession of alcohol in violation of R.C. 4301.69(E)(1), a first-degree misdemeanor. That same day, the Tiffin Police Department charged Urban in Case No. 06-CRB-823 with underage consumption of alcohol in violation of R.C.4301.69(E)(1), a first-degree misdemeanor. Urban pled not guilty to both charges, and he filed a motion to suppress evidence in Case No. 06-CRB-787.
 {¶ 3} On October 19, 2006, the trial court held a pretrial hearing, where Urban indicated he wanted to change his respective pleas from not guilty to no *Page 3 
contest. Urban asked the trial court if it would delay sentencing until July 2007, but the trial court declined to do so. Nevertheless, Urban changed his pleas and pled no contest to both charges. The trial court accepted Urban's no contest pleas, found Urban guilty of both charges, and continued the hearing.
{f4} On October 26, 2006, the trial court resumed the hearing and sentenced Urban in both cases. The trial court sentenced Urban in Case No. 06-CRB-787 to a 90-day jail term, among other things, with 60 days suspended. Similarly, the trial court sentenced Urban in Case No. 06-CRB-823 to a 90-day jail term, among other things, with 60 days suspended. The trial court ordered Urban to serve the jail terms concurrently for a total of 30 days. The transcript of the sentencing hearing indicates that Urban did qualify for work release, and that the trial court refused to place him on it, however, the sentencing entries indicate that Urban did not qualify for work release.
 {¶ 5} On November 6, 2006, Urban appealed to this court. Urban moved the trial court to stay the execution of the jail terms pending this appeal, but the trial court denied Urban's motion. This court subsequently stayed the execution of the jail terms and released Urban on bond. According to Urban, he had served five days in jail.
 {¶ 6} Urban now sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred as a matter of law and abused its discretion tothe prejudice of appellant when it sentenced appellant [sic] *Page 4 denying his counsel an opportunity to make statements in mitigation ofsentence.
 {¶ 7} In his first assignment of error, Urban argues the trial court refused to permit his defense counsel to speak in mitigation of punishment. More specifically, Urban argues: the trial court refused to permit his defense counsel to discuss the merits of the motion to suppress filed in Case No. 06-CRB-787 and/or the "probable" suppression of evidence; and the trial court used inappropriate language that had a "chilling effect."[1] Urban thus concludes the trial court violated Crim.R. 32(A)(1).
 {¶ 8} Crim.R. 32(A)(1) provides:
 (A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
 (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 9} Although we do not condone the use of inappropriate language, we cannot say that the trial court violated Crim.R. 32(A)(1) under the particular facts of this case. The record reflects the exchange at issue occurred during the change-of-plea portion of the hearing on October 16, 2006, not the sentencing portion of *Page 5 
the hearing on October 26, 2006. The record also reflects defense counsel and Urban were permitted to speak in mitigation of punishment, both at the end of the change-of-plea portion of the hearing and 11 days later at the sentencing portion of the hearing. Accordingly, we find Urban's arguments unpersuasive, and we overrule Urban's first assignment of error.
 ASSIGNMENT OF ERROR NO. II The trial court erred as a matter of law and abused its discretion by not considering statutory sentencing guidelines.
 {¶ 10} In his second assignment of error, Urban argues the trial court did not consider the misdemeanor sentencing factors set forth in R.C.2929.22. According to Urban, the trial court's use of inappropriate language establishes as much. Urban thus concludes we must vacate his respective sentences and remand for re-sentencing.
 {¶ 11} From the outset, we note that Urban relied on a former version of R.C. 2929.22 in his brief. That version applies to offenses that were committed before July 1, 1996. Notably, however, Urban committed the offenses at issue on July 1 and July 9, 2006. We apply the version of the statute that was in effect at the time Urban committed the offenses.
 {¶ 12} The version of R.C. 2929.22 that applies in this case lists factors that a sentencing court, after considering the purposes of misdemeanor sentencing, must consider when it imposes a sentence. In this regard, R.C. 2929.22(B)(1) and (2) provide: *Page 6 
 (B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 (a) The nature and circumstances of the offense or offenses;
 (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
 (B)(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.
R.C. 2929.22(C) further provides:
 (C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code *Page 7 only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.
 {¶ 13} Although the preferred practice is for the trial court to affirmatively state on the record that it considered the criteria set forth in R.C. 2929.22, "the statute does not mandate that the record state that the trial court considered the applicable statutory factors."State v. Collins, 3d Dist. Nos. 1-05-15, 1-05-21, 2005-Ohio-4755, at ¶ 12. As such, this court will presume the trial court considered the criteria set forth in R.C. 2929.22 when: the sentence at issue is within the statutory limits; and there is no affirmative showing that the trial court failed to consider the applicable statutory factors. Id., citingState v. Ramirez, 3d Dist. Nos. 13-04-30, 13-04-31, 2005-Ohio-1430, at ¶ 30; State v. Ward, 3d Dist. Nos. 1-03-70, 1-03-73, 1-03-74, 1-03-75, 2004-Ohio-4156, at ¶ 10; State v. Kelly, 2d Dist. No. 2004 CA 122,2005-Ohio-3058, at ¶¶ 25-26; City of Maple Heights v. Sweeney, 8th Dist. No. 85415, 2005-Ohio-2820, at ¶¶ 8-10; State v. Adams, 5th Dist. No. 2002 CA 00089, 2003-Ohio-3169, at ¶ 16; State v. Polick (l995),101 Ohio App.3d 428, 431, 655 N.E.2d 820.
 {¶ 14} The respective sentences imposed on Urban fall within the statutory limits, R.C. 2929.24(A)(1), and there is no affirmative indication in the record that the trial court failed to consider the applicable factors set forth in R.C. 2929.22. In particular, we fail to see how the use of inappropriate language at the change-of- *Page 8 
plea portion of the hearing establishes, in any way, that the trial court failed to consider the applicable factors. Accordingly, we presume the trial court considered the criteria set forth in R.C. 2929.22, and we find Urban's argument to the contrary unpersuasive.
 {¶ 15} Nevertheless, even in the absence of the presumption, we would reach the same result. The fact that the trial court addressed Urban's prior, underage alcohol-related offenses indicates the trial court did, in fact, consider the relevant R.C. 2929.22 factors. It was therefore reasonable for the trial court to conclude the respective sentences were warranted in light of Urban's past conduct and the potential for future violations.
 {¶ 16} For these reasons, we overrule Urban's second assignment of error.
fl[17} Having found no error prejudicial to Urban in the particulars assigned and argued, we affirm the trial court's decision. Additionally, we terminate the stay of the balance of Urban's jail sentence and revoke Urban's bond.
Judgments affirmed.
ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] Urban notes the trial court told his defense counsel "save the bullshit" and "you need to shut-up." *Page 1