[Cite as *State v. Hosler*, 2010-Ohio-980.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 16-09-21

    v.

WILLIAM HOSLER,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Juvenile Division
Trial Court No. E 2083072

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:    March 15, 2010

APPEARANCES:

    *Cindy Wolph* for Appellant

    *Douglas D. Rowland* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant William L. Hosler ("Hosler") appeals the October 7, 2009 Judgment Entry of the Wyandot County Court of Common Pleas, Juvenile Division, convicting him of two counts of Contributing to the Unruliness or Delinquency of a Child in violation of R.C. 2919.24(A)(1) and sentencing him to a term of 180 days in jail for each count to run concurrently with the additional sanction that he have no contact with unrelated juveniles except for employment purposes only.

{¶2} This case arises out of the following course of events. On October 18, 2008, at approximately 1:46 a.m., the Carey Police Department responded to a complaint made by a resident reporting loud music blaring from a nearby trailer court. Once police officers arrived on the scene, they observed the residence in question illuminated with numerous individuals inside. One of the officers knocked on the front door of the residence to speak with the occupants. At this time, the lights suddenly dimmed and the loud music ceased. Upon further observation, the officers noticed the occupants scramble attempting to hide. The officers honed in on one of the occupants, Matthew Barger ("Barger"), who stated the residence belonged to him. The officers identified themselves and told Barger that it would be in his best interest to open the door.

{¶3} Upon entering the residence, the officers immediately observed marijuana and paraphernalia in plain view. The officers then located a 17-year-old female asleep in one of the bedrooms, identified as S.J.H. The officers woke S.J.H., who was clearly intoxicated, and asked her some questions. S.J.H. admitted to consuming alcoholic beverages and to smoking marijuana earlier that evening. The officers asked S.J.H and Barger if anyone else was hiding in the home. They both answered no. However, upon further conversation with S.J.H, the officers discovered that she came to Barger's residence with a friend, A.A.M., also a 17-year-old female. S.J.H told the officers that she last saw A.A.M. with the defendant, Hosler. S.J.H. also stated that Hosler, being 22 years-old and of legal age, bought the alcohol for the two of them.

{¶4} The officers took S.J.H. to the police department and released her into her parents' custody. After several failed attempts to locate A.A.M., the officers returned to Barger's residence to look for her. Upon arriving to the scene for a second time, officers again observed the residence illuminated with several individuals inside. One such individual fit the description of A.A.M. given by S.J.H. The officers knocked on the front door of the residence and told the occupants to open the door. Instantly, the occupants began to scatter and attempted to find their respective hiding places. Five minutes later, Barger answered the door in his underwear and stated that he was alone in his residence.

After a short conversation with the officers, Barger agreed to let the officers enter the home.

{¶5} The officers thoroughly combed the residence looking for A.A.M. In their search, they found Hosler hiding in the dryer and A.A.M. hiding in a "cubby hole" between a bedroom and the bathroom. Both A.A.M. and Hosler admitted that they hid from the officers in the home while they conducted their initial search of the scene. The officers administered a breath test for detection of alcohol on A.A.M. The test results indicated that her breath contained an alcohol level of 0.075. A.A.M. was released into her parents' custody. Hosler, Barger and another co-defendant were charged with two counts of Contributing to the Unruliness or Delinquency of a Child in violation of R.C. 2919.24(A)(1).

{¶6} At his arraignment, Hosler informed the trial court that he planned to retain private counsel. As a condition of his bond, the trial court ordered Hosler to refrain from consuming or possessing alcohol and drugs and to have no contact with A.A.M. and S.J.H. and unrelated minors. Hosler was then released on a personal recognizance bond. Subsequently, Hosler failed to appear at two pre-trial hearings. The trial court then issued a warrant for his arrest. Law Enforcement eventually located Hosler in prison where he was serving time for an unrelated offense of receiving stolen property.

**{¶7}** Hosler appeared before the trial court on July 27, 2009, where he pled no contest to the charges. The trial court found him guilty on two counts of Contributing to the Unruliness or Delinquency of a Child in violation of R.C. 2919.24(A)(1), a first degree misdemeanor. On September 3, 2009, the trial court sentenced Hosler to the maximum jail term of 180 days for each count to be served concurrently. The court also imposed the following sanction as part of his sentence:

> **Defendant shall have no contact direct and/or indirect with the victims herein, [A.A.M and/or S.J.H.] and/or any unrelated juveniles with the exception for employment purposes only[.]**

**{¶8}** Hosler now appeals his sentence asserting two assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT SHOWED AN ABUSE OF DISCRETION BY FAILING TO PROPERLY CONSIDER AND APPLY THE MISDEMEANOR SENTENCING GUIDELINES UNDER OHIO REVISED CODE SECTION 2929.22(C) WHEN IT ORDERED A MAXIMUM SENTENCE**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ABUSED IT DISCRETION IN ISSUING "NO DIRECT/INDIRECT CONTACT WITH ANY UNRELATED JUVENILES. . ." DIRECTIVE; IT WAS ALSO NOT ISSUED PROPERLY AS AN ENFORCEABLE MEANS OF COMMUNITY CONTROL**

*The First Assignment of Error*

**{¶9}** In his first assignment of error, Hosler argues that the trial court erred when it sentenced him to the maximum jail term of 180 days on each count to be served concurrently. Specifically, Hosler contends that the trial court did not give adequate consideration to the "many steps of self-improvement, in the areas of interpersonal relationships, education, and vocational training" that he had taken when it imposed the maximum sentence.

**{¶10}** Trial courts have discretion in weighing the applicable sentencing factors and imposing a sentence consistent with the purposes of misdemeanor sentencing set forth in R.C. 2929.21(A). *State v. Friesen*, 3d Dist. No. 3-05-06, 2005-Ohio-5760, ¶11. Thus, a misdemeanor sentence will not be disturbed on appeal unless the trial court abused its discretion. *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶15. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶11}** Revised Code Section 2929.22 lists the factors that a sentencing court, after considering the purposes of misdemeanor sentencing under R.C. 2929.21, must consider when it imposes a sentence. In particular, R.C. 2929.22(B)(1) and (2) provide:

**(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:**

**(a) The nature and circumstances of the offense or offenses;**

**(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;**

**(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;**

**(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;**

**(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.**

**(B)(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.**

{¶12} In addition, R.C. 2929.22(C) provides:

**(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a combination of community control sanctions under section 2929.25, 2929.26. 2929.27, and**

> **2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.**

**{¶13}** Initially, we note that "the statute does not mandate that the record state that the trial court considered the applicable statutory factors." *State v. Collins*, 3d Dist. Nos. 1-05-15, 1-05-21, 2005-Ohio-4755, ¶12. Further, this Court will presume the trial court considered the criteria set forth in R.C. 2929.22 when the sentence at issue is within the statutory limits. Id., citing *State v. Ramirez*, 3d Dist. Nos. 13-04-30, 13-04-31, 2005-Ohio-1430, ¶30; *State v. Ward*, 3d Dist. Nos. 1-03-70, 1-03-73, 1-03-74, 1-03-75, 2004-Ohio-4156, ¶10.

**{¶14}** However, in the instant case, the trial court affirmatively stated that it considered the principles and factors contained in R.C. 2929.21 and R.C. 2929.22 when it sentenced Hosler. Moreover, the trial court included in its Judgment Entry the precise factors it considered when it imposed the maximum sentence and stated as follows:

> **The Court, being fully informed of the circumstances surrounding the charge and finding no cause which would preclude pronouncement of sentence finds after considering the factors pertaining to the seriousness of the offense and whether the Defendant is likely to recidivate, that said Defendant is not amenable to community control, and that a jail sentence is consistent with the purposes of and principles of sentencing set forth in Section 2929.22[.]**

(J.E. Oct. 8, 2008 at 2-3). The trial court further noted that Hosler "is young and the Court is not confident that he will comply with community control."

{¶15} Despite Hosler's contention above, the trial court specifically stated that it was "encouraged by the positive steps" that Hosler had taken; nevertheless it was concerned by other aspects of Hosler's behavior. Specifically, the trial court noted its concern about Hosler's statement that he had "no good reason" for committing the offense. In addition, the trial court noted its dismay at Hosler's stated motivation for being involved in the circumstances which led to his arrest. In the pre-sentencing investigation report, Hosler stated:

> **Two days prior to this event I had just gotten O.R. bonded out of Hancock County Jail for an F-4.[1] Well me, [Barger and co-defendant #2] were going to party because I knew I was going to prison soon and we just wanted to have a good time.**

(Court's Exhibit 1 at 5). Moreover, the trial court observed that Hosler reacted to his charges "as if he had no free will himself" because he attempted to minimize his conduct by placing the blame on Barger, a co-defendant, who "ignored [his] pleas and let the girls come over anyway" and "had Barger listened to [him] and [his] plea, [he] would have not been put in this position." (Id.).

{¶16} Based on the discussion above, it is evident that the trial court

---

[1] Hosler is referring to an offense for receiving stolen property—a felony in the fourth degree (an "F-4") which he committed on October 6, 2008, twelve days prior to his arrest in this case.

outlined in detail the relevant factors in R.C. 2929.21 and R.C. 2929.22 that it considered in sentencing Hosler. Therefore, we cannot conclude that the trial court abused its discretion when it imposed the maximum sentence in this case. As such, Hosler's first assignment of error is overruled.

*The Second Assignment of Error*

{¶17} In his second assignment of error, Hosler argues that the trial court abused its discretion when it ordered an additional sanction to his jail term sentence which prohibited him from having contact with any unrelated juvenile except for employment purposes only. Hosler specifically argues that this sanction is overbroad because, it is unlimited in its duration and it was not properly imposed as a community control sanction.

{¶18} The trial court sentenced Hosler to the maximum sentence having expressly found that Hosler was not amenable to community control. Specifically, the trial court stated that it was not confident that Hosler will comply with community control.[2] However, despite this statement, the trial court added an additional sanction to Hosler's sentence which states, in relevant part:

> **Defendant shall have no contract direct and/or indirect with the victims herein, [A.A.M. and /or S.J.H.] and/or any unrelated**

---

[2] Our review of the record reveals that Hosler specifically violated the trial court's directive in this case not to consume or possess alcohol or drugs while released on bond. His act of blatantly ignoring the court's orders is further aggravated by his failure to appear at the pre-trial hearings while on bond. In addition, Hosler had a history of non-compliance with non-residential community control sanctions imposed on him for two prior criminal offenses unrelated to his case.

**juveniles unrelated juveniles with the exception for employment purposes only.**

{¶19} Initially, we note that restricting Hosler from having any contact with the victims in this case is a legitimate prohibition. Because this restriction would necessarily take effect once Hosler completed his jail term, it is effectively a community control sanction. However, in order to validly impose this prohibition as a community control sanction, the trial court is required to comply with specific statutory requirements.

{¶20} First, the duration of all community control sanctions imposed upon an offender and in effect for an offender at any time shall not exceed five years. R.C. 2929.25(A)(2). Furthermore, at sentencing, if a court directly imposes a community control sanction or combination of sanctions the court *shall state the duration of the community control sanctions imposed and shall notify the offender of the consequences for violating the community control sanctions*. R.C. 2929.25(A)(3). (Emphasis added). Finally, upon sentencing an offender to any community control sanction, the court must place the offender under some general control and supervision of the court or of a department of probation to report a violation of the sanction to the court. R.C. 2929.25(B)(1).

{¶21} In the present case, it is clear from the record that the trial court did not comply with these statutory requirements when it imposed this additional sanction on Hosler's sentence. The Judgment Entry outlining Hosler's sentence

does not include any statements about the duration of this sanction, the consequences for violation or the supervising authority monitoring Hosler's compliance with the sanction. Furthermore, in lieu of placing Hosler on community control, the trial court elected to impose the maximum jail term of 180 days on each count to be served concurrently having found the jail term to be a more appropriate sentence in Hosler's case.

{¶22} In sum, the trial court properly complied with R.C. 2929.21 and R.C. 2929.22 when it sentenced Hosler to the maximum jail term under R.C. 2929.24(A)(1). However, the sanction requiring Hosler to have no contact with the victims and any unrelated juveniles except for employment purposes only was not properly imposed because the trial court did not comply with the statutory requirements pursuant to R.C. 2929.25. In addition, trial court's imposing of the sanction was contrary to its express finding that it lacked confidence in Hosler to comply with community control. Based on the foregoing, we have no choice but to conclude that the trial court abused its discretion when it imposed this sanction. Accordingly, to this extent only Hosler's second assignment of error is sustained.

{¶23} For the aforementioned reasons, Hosler's first assignment of error is overruled and to the extent indicated above, his second assignment of error is sustained. Accordingly, the Judgment Entry of the Wyandot County Court of

Case No. 16-09-21

Common Pleas, Juvenile Division, is affirmed in part, reversed in part and the cause remanded for further proceedings consistent with this opinion.

**_Judgment Affirmed in Part,_**
**_Reversed in Part and_**
**_Cause Remanded_**

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**