[Cite as *State v. Wilson*, 2018-Ohio-2805.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

BRANDON M. WILSON,

    DEFENDANT-APPELLANT.

CASE NO. 13-17-41

O P I N I O N

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. CRB 1701600

**Judgment Affirmed**

Date of Decision:  July 16, 2018

APPEARANCES:

    *Emily P. Beckley* **for Appellant**

    *Charles R. Hall, Jr.* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Brandon M. Wilson ("Wilson") appeals the judgment of the Tiffin-Fostoria Municipal Court for (1) not appointing counsel for him and (2) imposing the maximum sentence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On December 4, 2017, Wilson was charged with one count of complicity to theft in violation of R.C. 2913.02(A)(3), R.C. 2923.03(A)(2), which is a misdemeanor of the first degree. Doc. 1. On December 4, 2017, he appeared before the trial court where the following exchange occurred:

> **Mr. Wilson: Yeah. I don't know why I'm being charged with this at all.**
>
> **The Court: That's a question for a bigger day. Like a trial. You don't think you did anything wrong, Mr. Wilson, enter a not guilty plea.**
>
> * * *
>
> **The Court: So what do you want to do, Mr. Wilson?**
>
> **Mr. Wilson: Well, I'd like to get out. And I know if I enter a guilty plea or no contest, then I'm agreeing I was doing something.**
>
> * * *
>
> **The Court: How do you wish to plead? I don't want to pitch your case.**

**Mr. Wilson: Not guilty.**

Tr. 1, 4-6. Several moments later, however, Wilson indicated that he had changed his mind and wanted to change his plea to guilty. Tr. 6.

**Mr. Wilson: I want to ask if I can change my plea.**

**The Court: How do you wish to plead?**

**Mr. Wilson: Guilty.**

**The Court: You understand by entering a plea of guilty that you're waiving certain fundamental, constitutional rights?**

**Mr. Wilson: Yes.**

Tr. 6. The trial court then advised Wilson of the constitutional rights that he would be waiving if he chose to plead guilty, including Wilson's right to counsel. Tr. 6-7.

**{¶3}** After a colloquy about his constitutional rights, Wilson chose to plead guilty. Tr. 8. While the trial court was making its findings, Wilson interrupted several times and disputed what the trial judge was stating. Tr. 13. The trial judge then, based on the facts before him and Wilson's guilty plea, found Wilson guilty and sentenced him to a $150.00 fine, 180 days in jail with ninety days suspended, and two years of probation. In response to this sentence, Wilson said, "I can't do probation." Tr. 21. After hearing this statement, the trail judge reconsidered Wilson's sentence. The trial judge then sentenced Wilson to a $150.00 fine, 180

days in jail with no suspended time, and two years of probation.[1] Tr. 17, 21. Appellant filed his notice of appeal on December 27, 2017. Doc. 4. On appeal, appellant raises the following assignments of error:

**First Assignment of Error**

**The trial court erred in not appointing counsel to Appellant in this matter.**

**Second Assignment of Error**

**The trial court erred in imposing a maximum sentence.**

*First Assignment of Error*

{¶4} In his first assignment of error, Wilson argues that his waiver of the right to counsel was not valid and that the trial court should have appointed counsel for him.

Legal Standard

{¶5} In cases with misdemeanor charges, a defendant has a right to counsel under the Sixth Amendment if a conviction may result in incarceration. *State v. Miyamoto*, 3d Dist. Union No. 14-05-43, 2006-Ohio-1776, ¶ 13. However, a criminal defendant also has "an independent constitutional right of self-representation and * * * may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45

---

[1] Wilson received the maximum sentence of 180 days in jail and has no suspended time with his sentence. At this time, his probation carries no threat of suspended time, but the circumstances surrounding his probation may change, creating a scenario in which probation can be invoked in the future.

Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. These Sixth Amendment rights are embodied in Crim.R. 44, which reads in its relevant part as follows:

> **(B) Counsel in Petty Offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.**
>
> **(C) Waiver of Counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded * * *.**

Crim.R. 44(B), (C). Thus, waiver of the right to counsel "cannot be presumed from a silent record." *Miyamoto* at ¶ 14.

{¶6} "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Gibson* at paragraph two of the syllabus.

> **[A] waiver of the right to counsel must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. In order for the defendant to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'**

(Citations omitted.)  *State v. Taylor*, 3d Dist. Seneca No. 13-12-35, 2013-Ohio-1300, ¶ 18.  "[C]ourts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel. The state bears the burden of overcoming presumptions against a valid waiver."  *Taylor* at ¶ 20, citing *State v. Dyer*, 117 Ohio App.3d 92, 95-96, 689 N.E.2d 1034 (2d Dist.1996).

Legal Analysis

**{¶7}** In this case, Wilson appeared before the trial court and engaged in the following colloquy at the beginning of his hearing:

> **The Court: Mr. Wilson, I have in front of me this complaint.  Did you get a copy of it?**
>
> **Mr. Wilson: No, I did not.**
>
> **The Court: Well, what have you been charged with?  You tell me.**
>
> **Mr. Wilson: Complicity to theft.**
>
> **The Court: Do you understand what the maximum possible penalty complicity for theft is?**
>
> **Mr. Wilson: Yes.**
>
> **The Court: What is it?**
>
> **Mr. Wilson: Six months in jail, thousand dollar fine.**
>
> **The Court: Yeah.  It's a Misdemeanor of the First Degree.  You should be made aware there's no mandatory minimum penalty.  Any questions about what you've been charge with or what the maximum possible penalties are?**

**Mr. Wilson: No.**

Tr. 2-3.  In this exchange, Wilson revealed that he had knowledge of the statutory offense charged against him and potential penalties accompanying this charge.

{¶8} At the beginning of this hearing, Wilson also stated that he understood the implications of entering a guilty plea: "I know if I enter a guilty plea or no contest, then I'm agreeing I was doing something." Tr. 4.  After Wilson decided he wanted to plead guilty, the trial court then read through the list of the constitutional rights that Wilson would be waiving if he pled guilty.  Tr. 4-7.  During this colloquy, the following exchange occurred:

**Mr. Wilson: I want to ask if I can change my plea.**

**The Court: How do you wish to plead?**

**Mr. Wilson: Guilty.**

**The Court: You understand by entering a plea of guilty that you're waiving certain fundamental, constitutional rights?**

**Mr. Wilson: Yes.**

**The Court: We're going to go over them.  First of all, do you understand you have a right to an attorney, and if you cannot afford an attorney, one could be appointed to represent you.  But by entering a plea of guilty, you waive that right. Do you understand that?**

**Mr. Wilson: Yes, I do.**

Tr. 6-7. In this exchange, the trial court informed Wilson of his right to counsel and offered him appointed counsel. Thus, Wilson can argue that his decision may not have been intelligent, but he cannot complain that his waiver was not intelligent.

{¶9} After Wilson affirmatively waived his other constitutional rights, the following exchange occurred:

> **The Court: Do you still wish for the Court to accept your plea of guilty?**
>
> **Mr. Wilson: Yes.**

Tr. 7-8. This exchange demonstrates that the trial court did not accept a guilty plea from Wilson until after Wilson had be informed of his right to counsel. After the trial court accepted Wilson's guilty plea, Wilson proceeded to argue before the trial court during the sentencing phase of this hearing.

{¶10} Wilson's statements in the record indicate that he was aware of the charges against him, the gravity of his legal situation, the significance of pleading guilty, and the constitutional rights he would be waiving. The record before us contains an express waiver of Wilson's right to counsel that was made in open court. Based on Wilson's statements in the record, we find that the appellant made a voluntary, knowing, and intelligent waiver of his right to counsel. For this reason, Wilson's first assignment of error is overruled.

*Second Assignment of Error*

**{¶11}** In his second assignment of error, Wilson argues that the trial court abused its discretion in ordering that he serve the maximum sentence.

Legal Standard

**{¶12}** The overriding principles of misdemeanor sentencing are to guide a trial court as it imposes a sentence for a misdemeanor offense. R.C. 2929.21(A). The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). R.C. 2929.22(B) contains a list of factors that a trial court is to consider in determining what sentence would be appropriate. R.C. 2929.22(B). Further, R.C. 2929.22(C) also directs a trial court as follows:

> **Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction * * *. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime.**

R.C. 2929.22(C).

**{¶13}** In following the provisions of R.C. 2929.22, a trial court is not required to state its specific reasons for imposing a sentence for a misdemeanor conviction. *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 34. "As such, this court will presume the trial court considered the criteria set forth

in R.C. 2929.22 when: the sentence at issue is within the statutory limits; and there is no affirmative showing that the trial court failed to consider the applicable statutory factors." *State v. Urban*, 3d Dist. Seneca Nos. 13-06-43 and 13-06-44, 2007-Ohio-4237, ¶ 13.

{¶14} Appellate courts review a misdemeanor sentence under an abuse of discretion standard. *State v. Rexroad*, 3d Dist. Wyandot No. 16-08-21, 2009-Ohio-1657, ¶ 18. An abuse of discretion is not merely an error of judgment. *State v. Sullivan*, 2017-Ohio-8937, --- N.E.3d ---, ¶ 20 (3d Dist.). Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious. *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23. When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 2017-Ohio-792, 85 N.E.3d 1108, ¶ 11 (3d Dist.).

Legal Analysis

{¶15} In this case, the sentence at issue is within the statutory limits as prescribed by R.C. 2929.24(A)(1) and R.C. 2929.25(A). Further, Wilson, in his appeal, has not made an affirmative showing that the trial court failed to consider the applicable statutory factors. Rather, Wilson merely alleges that the trial court abused its discretion. For this reason, the presumption—that the trial court considered the applicable statutory factors—applies to this case. After reviewing the record, we do not find evidence that indicates the trial court abused its discretion

in imposing a maximum sentence against Wilson. Thus, Wilson's second assignment of error is overruled.

*Conclusion*

**{¶16}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Tiffin-Fostoria Municipal Court is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/hls**