[Cite as *State v. Kleman*, 2019-Ohio-4404.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 6-19-01

v.

DAKOTA RYAN KLEMAN,

    O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Hardin County Common Pleas Court**
**Trial Court No. CRI-2018-2107**

**Judgment Affirmed**

**Date of Decision:  October 28, 2019**

---

APPEARANCES:

    *Elizabeth H. Smith* **for Appellant**

    *Jason M. Miller* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Dakota R. Kleman ("Kleman") appeals the judgment of the Hardin County Court of Common Pleas, alleging the trial court erred by denying his motion to continue the jury trial and erred by imposing consecutive sentences. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On September 19, 2018, Kleman was indicted on one count of burglary in violation of R.C. 2911.12(A)(2); two counts of safecracking in violation of R.C. 2911.31(A); two counts of tampering with evidence in violation of R.C. 2921.12(A)(1); one count of possessing criminal tools in violation of R.C. 2923.24(A); one count of grand theft in violation of R.C. 2913.02(A)(1), (B)(2); one count of having weapons while under disability in violation of R.C. 2923.13(A)(2); eight counts of grand theft in violation of R.C. 2913.02(A)(1) with firearm specifications; and one count of money laundering in violation of R.C. 1315.55(A)(1).

{¶3} On September 26, 2018, the State filed an initial list of witnesses with the trial court. Doc. 10. One of the witnesses named on this list was Breyannea Wells ("Wells"). Doc. 10. The State conducted a recorded interview with Wells on December 11, 2018 and delivered a copy of this recorded interview to the Defense on December 13, 2018. Doc. 40. On December 14, 2018, Kleman filed a motion

for a continuance with the trial court, alleging that he needed more time to prepare his defense. Doc. 40. On December 17, 2018, the trial court denied Kleman's motion for a continuance. Doc. 41.

{¶4} Kleman's case proceeded to a jury trial on December 18, 2018. Tr. 1. The jury acquitted Kleman of three counts of grand theft. Doc. 54, 59, 60. The jury found Kleman guilty of the remaining fourteen charges. Doc. 45-53, 55-58, 61. Kleman's sentencing hearing was held on January 17, 2019. Doc. 73. The trial court entered its judgment entry of sentencing on January 24, 2019. Doc. 73. Kleman was ordered to serve two hundred and sixteen (216) months in prison.[1] Doc. 73. The trial court ordered the sentences for the two counts of safecracking to be served concurrently and the sentences for the two counts of tampering with evidence to be served concurrently. Doc. 73. The remaining sentences were to run consecutively. Doc. 73.

{¶5} The appellant filed his notice of appeal on January 28, 2019. Doc. 76. On appeal, Kleman raises the following assignments of error:

**First Assignment of Error**

**The Trial Court erred when it unreasonably denied Appellant's Motion to Continue the jury trial as it prejudiced Appellant and did not allow counsel to properly prepare a defense on Appellant's behalf.**

---

[1] Of these two hundred and sixteen (216) months, two hundred and four (204) months were non-mandatory, and twelve (12) months were mandatory. Doc. 73.

**Second Assignment of Error**

**Appellant's sentence is both contrary to law and an abuse of discretion as the trial court sentenced Appellant to consecutive sentences as to certain counts having stated that it considered all the required factors, but having a complete lack of facts to support the claimed findings under R.C. 2929.11 and 2929.12, and the appeals court can clearly and convincingly find that the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant, and should reduce the Appellant's sentence accordingly pursuant to 2953.08(G)(2) of the Revised Code.**

*First Assignment of Error*

{¶6} Kleman argues that the trial court erred in denying his request for a continuance. Kleman alleges that he needed more time to prepare his defense after he received a copy of an interview of one of the State's witnesses several days before his jury trial.

Legal Standard

{¶7} "A court has supervisory power and control over its docket. Independent of statute, as an incident to their authority to hear and determine causes, courts have power to grant continuances." *State ex rel. Buck v. McCabe*, 140 Ohio St. 535, 537, 45 N.E.2d 763, 766 (1942).

**In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the**

> **defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.**

*State v. Unger*, 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078, 1080 (1981).

> **There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.**

*Id*. at 67-68, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). "The reviewing court must weigh potential prejudice against 'a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *State v. Powell*, 49 Ohio St.3d 255, 259, 552 N.E.2d 191, 196 (1990), *overruled on other grounds in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668, fn. 4 (1997).

{¶8} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *Unger* at 67. For this reason, an appellate court may not disturb the ruling of the trial court in the absence of an abuse of discretion. *Id*.

> **An abuse of discretion is not merely an error of judgment. *State v. Sullivan*, 2017-Ohio-8937, [102 N.E.3d 86], ¶ 20 (3d Dist.). Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious. *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23. When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 2017-Ohio-792, 85 N.E.3d 1108, ¶ 11 (3d Dist.).**

*State v. Wilson*, 3d Dist. Seneca No. 13-17-41, 2018-Ohio-2805, ¶ 14.

Legal Analysis

**{¶9}** The continuance that is at issue on appeal appears, from the record, to have been the only continuance that Kleman requested. Kleman's motion did not specify the length of the requested continuance. Thus, the record does not provide any indication as to how long the delay of the trial would have been if the continuance had been granted. *Powell, supra*, at 196. Further, the record does not contain any indication that the reason Kleman filed his motion for a continuance was "dilatory, purposeful, or contrived." *Unger, supra*, at 67-68. However, the fact that Kleman does not appear to have had an illegitimate reason to request a continuance does not mean that he had a compelling reason to request a continuance.

**{¶10}** At trial, Wells was one of thirteen witnesses that the State called to testify. Kleman was fully aware that the State was going to call Wells as a witness because the State disclosed its intention to do so almost three months before the trial. Thus, the Defense had three months to interview Wells; ask the same questions that the State did in its December interview with Wells; and investigate any matters that were relevant to Kleman's defense. Thus, the information in the recording that Kleman received from the State was potentially available to the Defense almost three months prior to the State's interview with Wells.

**{¶11}** Further, on appeal, Kleman alleges that he was prejudiced by the trial court's decision but has not demonstrated how the denial of his motion for a

continuance prejudiced his defense. He merely argues that he would have had more time to prepare for trial if the trial court had granted him more time to prepare for trial. This self-evident assertion does not explain how the denial of his motion for a continuance prejudiced his defense.

{¶12} In this case, the trial court denied a motion for a continuance of indeterminate length that was requested to allow Kleman more time to examine information that the Defense could have obtained had it interviewed Wells three months earlier. After examining the evidence in the record and balancing the relevant factors, we cannot conclude that the trial court did abused its discretion in denying Kleman's motion for a continuance. For this reason, Kleman's first assignment of error is overruled.

*Second Assignment of Error*

{¶13} Kleman argues that the record does not support the imposition of consecutive sentences in this case, making his sentence contrary to law.

Legal Standard

{¶14} R.C. 2929.14(C)(4) reads, in its relevant part, as follows:

**(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4).

{¶**15**} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, at paragraph three of the syllabus (1954).

Legal Analysis

{¶16} At the sentencing hearing, the trial court considered the contents of the presentence investigation ("PSI"). Sentencing Tr. 4. Kleman's prison report indicated that he committed twenty-one prison infractions in a seven-month period. *Id.* These infractions included assaulting another inmate, refusing to comply with orders, and having prohibited paraphernalia. *Id.* at 5-6. While he was in jail, Kleman was also charged "with being involved with illegal drugs" and attempted escape. *Id.* at 7.

{¶17} The trial court also found that the victim had "suffered serious physical, psychological, or economic harm * * *" and that "none of the factors [indicating] that [Kleman's] conduct is less serious apply." *Id.* at 7-8. Similarly, the trial court recognized that Kleman had a criminal history; that he "has not responded favorably to sanctions previously imposed * * *"; and that "none of those factors" indicating the "offender's recidivism is less likely * * * apply." *Id.* at 8. The trial judge stated that this was "one of the most planned crimes [that he has] seen in [his] career as a judge" and that he observed no remorse from Kleman at trial. *Id.* at 8, 44, 46.

**{¶18}** The trial judge also noted that Kleman has "within the last couple of years * * * performed the same crime against another person's relative and that punishment of 12 months for that crime obviously wasn't sufficient to deter him from future crime." *Id*. at 56. These facts support the trial judge's finding that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." R.C. 2929.14(C)(4). Sentencing Tr. 56.

**{¶19}** Further, in order to impose consecutive sentences, the trial court must also find that one of the three factors listed in R.C. 2929.14(C)(4)(a-c) is applicable. R.C. 2929.1(C)(4)(a-c). In this case, the trial court found that all three of the factors listed in R.C. 2929.14(C)(4)(a-c) applies. Sentencing Tr. 56. The record supports the trial court's finding that Kleman committed the instant offenses while "under post-release control from a prior offense." R.C. 2929.14(C)(4)(a). *See* PSI.

**{¶20}** As to the factor in R.C. 2929.14(C)(4)(b), the victims of these offenses were close relatives of Kleman, and these offenses were committed in furtherance of a complex criminal plot. Sentencing Tr. 44-45, 47-48. Thus, the trial court's finding that "[a]t least two of the multiple offenses were committed as part of * * * [a] course[] of conduct" and that "the harm caused * * * was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct" was supported by the record. R.C. 2929.14(C)(4)(b).

{¶21} Finally, as to the factor in R.C. 2929.14(C)(4)(c), the trial court examined Kleman's extensive criminal history at sentencing. The PSI indicates that Kleman had a record as a juvenile, had been convicted of multiple criminal offenses as an adult, and had committed multiple infractions while incarcerated. PSI. Thus, the trial court's finding that "[t]he offender's history of criminal conduct demonstrate[d] that consecutive sentences [were] necessary to protect the public * * *" is supported by the evidence in the record. R.C. 2929.14(C)(4)(c).

{¶22} After examining the evidence, we cannot conclude that there is clear and convincing evidence that indicates that the imposition of consecutive sentences is unsupported by the record. For this reason, Kleman's second assignment of error is overruled.

*Conclusion*

{¶23} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Hardin County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/hls**