[Cite as *State v. Rice*, 2024-Ohio-3156.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-24-13

v.

CHRISTOPHER J. RICE,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Bellefontaine Municipal Court
Trial Court No. 21TRC03230

Judgment Affirmed

Date of Decision: August 19, 2024

APPEARANCES:

    *William T. Cramer* for Appellant

    *Crystal K. Welsh* for Appellee

**WILLAMOWSKI, P.J.**

**{¶1}** Defendant-appellant Christopher J. Rice ("Rice") appeals the judgment of the Bellefontaine Municipal Court, arguing that the trial court erred in imposing his sentence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

**{¶2}** Rice was charged with one count of operating a vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), an unclassified misdemeanor; one count of OVI in violation of R.C. 4511.19(A)(1)(h), an unclassified misdemeanor; and one count of failing to comply with a stop sign in violation of R.C. 4511.43(A), a minor misdemeanor. On February 27, 2024, Rice pled guilty to one count of OVI in violation of R.C. 4511.19(A)(1)(a), an unclassified misdemeanor. On motion of the State, the trial court dismissed the remaining two charges. At sentencing, the trial court ordered a term in jail of 365 days with 305 days suspended; imposed a fine of $1,250.00; and suspended Rice's driver's license for five years. On February 27, 2024, the trial court issued its judgment entry of sentencing.

*Assignment of Error*

**{¶3}** Rice filed his notice of appeal on March 15, 2024. On appeal, he raises the following assignment of error:

**The trial court abused its discretion in imposing a sentence that exceeded the minimum statutory terms.**

*Standard of Review*

{¶4} Appellate courts apply an abuse of discretion standard when reviewing a sentence imposed for a misdemeanor offense. *State v. Hittle*, 2019-Ohio-5172, ¶ 8 (3d Dist.). An abuse of discretion is more than an error in judgment but is present where the trial court made a decision that was arbitrary, unreasonable, or unconscionable. *State v. Edwards*, 2023-Ohio-3213, ¶ 6 (3d Dist.). In applying this standard, "an appellate court is not to substitute its judgment for that of the trial court." *State v. Richey*, 2021-Ohio-1461, ¶ 40 (3d Dist.).

*Legal Standard*

{¶5} R.C. 2929.21(A) states that a trial court is to "be guided by the overriding purposes" of "protect[ing] the public from future crime by the offender and others" and "punish[ing] the offender" when imposing a sentence for a misdemeanor offense. This requires the trial court to

> consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

R.C. 2929.21(A). Further, R.C. 2929.21(B) states that the

> sentence imposed shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

In turn, R.C. 2929.22(B)(1) contains a list of seven factors that the trial court is to consider in fashioning a sentence.

> Stated generally, those factors include the nature and circumstances of the offense(s); whether the offender has a history of persistent criminal activity and is likely to commit another offense; whether there is a substantial risk that the offender will be a danger to others; whether the victim's circumstances made the victim particularly vulnerable to the offense or made the impact of the offense more serious; and factors relating to the offender's military service, if any.

*State v. Johnson*, 2022-Ohio-1782, ¶ 11 (2d Dist.). A trial court may also consider any other relevant factors. R.C. 2929.22(B)(2).

{¶6} "In following the provisions of R.C. 2929.22, a trial court is not required to state its specific reasons for imposing a sentence for a misdemeanor conviction." *State v. Wilson*, 2018-Ohio-2805, ¶ 13 (3d Dist.). For this reason, an appellate "court will presume the trial court considered the criteria set forth in R.C. 2929.22 when: the sentence at issue is within the statutory limits; and there is no affirmative showing that the trial court failed to consider the applicable statutory factors." *Id*. quoting *State v. Urban*, 2007-Ohio-4237, ¶ 13 (3d Dist.).

*Legal Analysis*

{¶7} The instant offense marked the third OVI conviction Rice had received within the last ten years. For this reason, R.C. 4511.19(G)(1)(C)(i) required the trial court to impose a mandatory jail term of thirty days but permitted the trial court to impose a jail term of up to one year. Among other consequences, R.C.

4511.19(G)(1)(c) also provides for a fine of $850.00 to $2,750.00 and the suspension of the offender's driver's license for two to twelve years. In this case, the trial court imposed a jail term of 365 days but suspended 305 days of this sentence; a fine of $1,250.00; and a driver's license suspension of five years. On appeal, Rice argues that the trial court's decision not to impose the minimum jail term, fine, and driver's license suspension constituted an abuse of discretion.

{¶8} As an initial matter, we note that each of the components of Rice's sentence falls within the relevant statutory range. In this case, Rice was found to have a blood alcohol level of 0.317 after he failed to comply with a stop sign. A copy of Rice's criminal record was filed. This document detailed his history of multiple OVI convictions and license suspensions. At sentencing, the trial court noted that this was Rice's third OVI conviction in a ten-year period. *Hittle*, 2019-Ohio-5172, ¶ 13. Rice concedes in his brief that the trial court "had understandable concerns about recidivism * * *." (Appellant's Brief, 5).

{¶9} In conclusion, Rice has not directed our attention to any evidence in the record that would suggest that the trial court did not consider the relevant R.C. 2929.22(B) factors while imposing this sentence. Having examined the record, we conclude that Rice has failed to demonstrate that the trial court abused its discretion in imposing the sentence in this case. The sole assignment of error is overruled.

Case No. 8-24-13

*Conclusion*

**{¶10}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Bellefontaine Municipal Court is affirmed.

***Judgment Affirmed***

**WALDICK and MILLER, J.J., concur.**

**/hls**