[Cite as *State v. Yemsvat*, 2025-Ohio-1971.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  V.

TANEE YEMSVAT, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 8-24-48

OPINION AND
JUDGMENT ENTRY

Appeal from Bellefontaine Municipal Court
Trial Court No. 24TRC00260

**Judgment Affirmed**

**Date of Decision: June 2, 2025**

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Crystal K. Welsh* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Tanee Yemsvat, Jr., ("Yemsvat") appeals the judgment of the Bellefontaine Municipal Court, arguing that the trial court abused its discretion in fashioning a sentence for his misdemeanor conviction. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On January 21, 2024, Trooper C. Whitacre ("Trooper Whitacre") was in his patrol car on U.S. Route 68 and was unable to see the license plate on the vehicle that Yemsvat was driving. He then observed Yemsvat pull into a Walmart parking lot. As Trooper Whitacre went further down the roadway, he noticed that Yemsvat had pulled out of the parking lot and continued to drive in the same direction that he had previously been traveling. Trooper Whitacre then effectuated a traffic stop and detected the odor of burnt marijuana coming from the vehicle as he spoke with Yemsvat. He also noticed that Yemsvat's speech was slurred and that his eyes were glassy.

{¶3} During a brief conversation, Yemsvat admitted to smoking marijuana earlier that day and then agreed to submit to field sobriety tests. Trooper Whitacre observed that Yemsvat appeared "unbalanced" as he walked outside of his vehicle. (Doc. 7). After the field sobriety tests, Trooper Whitacre placed Yemsvat under arrest. Yemsvat later gave a sample for a drug test at the police station. When

returned, this screen indicated that he was "positive for over 200 nanograms [of THC metabolites] per milliliter." (Tr. 8).[1]

{¶4} On January 22, 2024, Yemsvat was charged with one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them ("OVI") in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor, and one count of failing to display a valid license plate in violation of R.C. 4503.21, a minor misdemeanor. On October 23, 2024, Yemsvat pled guilty to one count of reckless operation in violation of R.C. 4511.20(A), a fourth-degree misdemeanor. The other charges were dismissed. The trial court then issued a sentencing entry that imposed a "two-year term of probation" and suspended Yemsvat's driver's license for one year. (Doc. 65).

*Assignment of Error*

{¶5} Yemsvat filed his notice of appeal on November 15, 2024. On appeal, he raises the following assignment of error:

**The municipal court abused its discretion by imposing a term of community control and a driver's license suspension for reckless operation where there was no evidence of impairment or reckless driving.**

*Standard of Review*

{¶6} "Appellate courts apply an abuse of discretion standard when reviewing a sentence imposed for a misdemeanor offense." *State v. Rice*, 2024-Ohio-3156, ¶

---

[1] A violation of R.C. 4511.19(A)(1)(j)(viii)(II) requires that the defendant have "a concentration . . . of at least thirty-five nanograms of marihuana metabolite per milliliter of the person's urine . . . ."

4 (3d Dist.). An abuse of discretion is more than an error in judgment but is present where the trial court made a decision that was arbitrary, unreasonable, or unconscionable. *State v. Edwards*, 2023-Ohio-3213, ¶ 6 (3d Dist.). In applying this standard, "an appellate court is not to substitute its judgment for that of the trial court." *State v. Richey*, 2021-Ohio-1461, ¶ 40 (3d Dist.).

*Legal Standard*

**{¶7}** R.C. 2929.21(A) states that a trial court is to "be guided by the overriding purposes" of "protect[ing] the public from future crime by the offender and others" and "punish[ing] the offender" when imposing a sentence for a misdemeanor offense. This requires a trial court to

> consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

R.C. 2929.21(A). Further, R.C. 2929.21(B) states that the

> sentence imposed . . . shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing . . . , commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

In turn, R.C. 2929.22(B)(1) contains a list of seven factors that the trial court is to consider in fashioning a sentence.

> Stated generally, those factors include the nature and circumstances of the offense(s); whether the offender has a history of persistent criminal activity and is likely to commit another offense; whether

there is a substantial risk that the offender will be a danger to others; whether the victim's circumstances made the victim particularly vulnerable to the offense or made the impact of the offense more serious; and factors relating to the offender's military service, if any.

*State v. Johnson*, 2022-Ohio-1782, ¶ 11 (2d Dist.). A trial court may also consider any other relevant factors. R.C. 2929.22(B)(2).

**{¶8}** "In following the provisions of R.C. 2929.22, a trial court is not required to state its specific reasons for imposing a sentence for a misdemeanor conviction." *State v. Wilson*, 2018-Ohio-2805, ¶ 13 (3d Dist.). For this reason, an appellate "court will presume the trial court considered the criteria set forth in R.C. 2929.22 when: the sentence at issue is within the statutory limits; and there is no affirmative showing that the trial court failed to consider the applicable statutory factors." *Id.*, quoting *State v. Urban*, 2007-Ohio-4237, ¶ 13 (3d Dist.).

*Legal Analysis*

**{¶9}** Yemsvat does not argue that the challenged penalties were not available sanctions or fell outside the statutorily authorized ranges. Rather, he asserts that the trial court abused its discretion in imposing a license suspension and two years of probation "because there was no evidence of impairment or reckless driving." (Appellant's Brief, 4). As part of this argument, he points out that he only admitted to having smoked marijuana roughly eight hours before the traffic stop.

**{¶10}** However, Trooper Whitacre submitted a detailed report in which he documented several signs of impairment that he witnessed during the traffic stop.

Among other observations, Trooper Whitacre noticed that Yemsvat had bloodshot, glassy eyes; constricted pupils; and eyelid tremors. Yemsvat also struggled to maintain his balance and "aggressively sway[ed]" when he was asked to stand, walk, and turn during several field sobriety tests. (Doc. 8).

{¶11} Further, Trooper Whitacre also detected the smell of burnt marijuana emanating from Yemsvat's vehicle. At the conclusion of his report, Trooper Whitacre wrote: "Considering the totality of circumstances, I believe[] he [Yemsvat] was operating his vehicle while impaired on alcohol, drugs, or a combination of them." (Doc. 8). While in the condition described in this report, Yemsvat apparently chose to drive a vehicle on a public roadway. Having examined the evidence in the record, we find that Yemsvat's argument is without merit.

{¶12} In conclusion, the record contains no indication that the trial court abused its discretion by ordering the sentence imposed in this case. On appeal, Yemsvat has not raised an argument that would lead us to dispense with the presumption that that trial court considered the relevant factors in R.C. 2929.22 in fashioning a sentence. Accordingly, the sole assignment of error is overruled.

*Conclusion*

{¶13} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Bellefontaine Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

-6-

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/hls