[Cite as *State v. Hittle*, 2019-Ohio-5172.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 8-19-37

      v.

ADAM W. HITTLE,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Bellefontaine Municipal Court
Trial Court No. 19TRC00496

Judgment Affirmed

Date of Decision: December 16, 2019

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Daniel D. Carey* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Adam W. Hittle ("Hittle"), appeals the June 18, 2019 judgment of sentence of the Bellefontaine Municipal Court. For the reasons that follow, we affirm.

{¶2} On February 1, 2019, Hittle was driving on US 33 when his vehicle veered off the road and struck a snow bank. (Doc. No. 22). Hittle's vehicle rolled onto its side and flipped several times before coming to rest on its roof. (Doc. Nos. 14, 22, 23, 24). The law enforcement officer who responded to the accident noticed beer cans scattered throughout Hittle's vehicle. (Doc. No. 14). The officer also detected a moderate odor of alcohol on Hittle's person and observed that Hittle's speech was slurred, that his eyes were bloodshot, and that he was unsteady on his feet. (*Id.*).

{¶3} Hittle was issued citations charging him with one count of operating a vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; one count of driving under OVI suspension in violation of R.C. 4510.14(A), a first-degree misdemeanor; one count of operation without being in reasonable control of a vehicle in violation of R.C. 4511.202(A), a minor misdemeanor; one count of operating a motor vehicle without a valid license in violation of R.C. 4510.12(A), a first-degree misdemeanor; and one count of open container in a motor vehicle in violation of R.C. 4301.62(B)(4), a

minor misdemeanor. (Doc. Nos. 1, 3, 14, 16). Hittle initially pleaded not guilty to the charges. (*See* Doc. No. 44).

{¶4} A change of plea hearing was held on May 22, 2019. (Doc. Nos. 49, 55, 74, 76); (May 22, 2019 Tr. at 5). Under the terms of a negotiated plea agreement, Hittle withdrew his previous pleas of not guilty and pleaded guilty to one count of OVI and one count of driving under OVI suspension. (Doc. Nos. 48, 74, 76); (May 22, 2019 Tr. at 5). In exchange, the State agreed to move to dismiss the charges of operating a motor vehicle without a valid license, operation without being in reasonable control of a vehicle, and open container in a motor vehicle. (Doc. Nos. 48, 58); (May 22, 2019 Tr. at 4). The trial court accepted Hittle's guilty pleas and found him guilty. (May 22, 2019 Tr. at 5). The State then moved to dismiss the remaining charges against Hittle, which the trial court granted. (*Id.* at 6); (Doc. No. 58).

{¶5} On June 18, 2019, the trial court sentenced Hittle to 180 days in the Logan County Jail and fined him $1,000 for the OVI charge.[1] (June 18, 2019 Tr. at 8-9); (Doc. Nos. 74, 76). The trial court also suspended Hittle's driver's license for a period of seven years. (Doc. No. 76).

---

[1] That same day, the trial court sentenced Hittle to 10 days in jail and fined him $550 for the driving-under-OVI-suspension charge. (*See* Doc. Nos. 74, 75, 76); (Appellant's Brief at Appendix). The trial court ordered that Hittle serve this 10-day sentence concurrently with his 180-day sentence. (*See* Doc. Nos. 74, 76); (Appellant's Brief at Appendix). However, the record does not contain the judgment entry of sentence for Hittle's driving-under-OVI-suspension conviction as that charge was apparently filed under a separate case number. (*See* Appellant's Brief at Appendix).

{¶6} On July 8, 2019, Hittle filed a notice of appeal. (Doc. No. 79). He raises one assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion in imposing a maximum jail term and maximum driver's license suspension after defendant pled guilty to operating a vehicle while intoxicated.**

{¶7} In his assignment of error, Hittle argues that the trial court erred by sentencing him to 180 days in jail and suspending his driver's license for seven years for his OVI conviction.[2] Specifically, Hittle questions whether it is "appropriate to impose maximum terms for a second offense OVI (fifth lifetime), when the defendant maintained sobriety for several years but relapsed due to difficult personal circumstances, the defendant pleads guilty to the OVI and accepts treatment for his alcoholism, and the prosecutor recommends minimum terms." (Appellant's Brief at i).

{¶8} "'We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard.'" *State v. Arnold*, 3d Dist. Seneca No. 13-16-13, 2017-Ohio-326, ¶ 13, quoting *State v. Nolan*, 3d Dist. Marion No. 9-15-48, 2016-Ohio-2985, ¶ 12, citing R.C. 2929.22 and *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶ 15 (1st Dist.). An abuse of discretion is more than a mere error

---

[2] Hittle does not appeal the sentence for his driving-under-OVI-suspension conviction.

in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶9} "A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence." *Nolan* at ¶ 12, citing *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, ¶ 24. R.C. 2929.21 provides, in relevant part:

(A) A court that sentences an offender for a misdemeanor * * * violation of any provision of the Revised Code * * * shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

(B) A sentence imposed for a misdemeanor * * * violation of a Revised Code provision * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not

demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

R.C. 2929.21(A), (B).

{¶10} "Generally, 'a court that imposes a sentence under [R.C. Chapter 2929] upon an offender for a misdemeanor * * * has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.'" *Arnold* at ¶ 16, quoting R.C. 2929.22(A). "R.C. 2929.22(B) 'sets forth specific factors for the trial court to consider before imposing a sentence, including the nature and circumstances of the offense, the offender's history of criminal conduct, the victim's circumstances, and the likelihood that the offender will commit future crimes.'" *Id.*, quoting *Nolan* at ¶ 12. "In determining the appropriate sentence for a misdemeanor, in addition to complying with [R.C. 2929.22(B)(1)], the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in [R.C. 2929.21]." R.C. 2929.22(B)(2).

{¶11} "In following the provisions of R.C. 2929.22, a trial court is not required to state its specific reasons for imposing a sentence for a misdemeanor conviction." *State v. Wilson*, 3d Dist. Seneca No. 13-17-41, 2018-Ohio-2805, ¶ 13, citing *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 34.

"'[T]his court will presume the trial court considered the criteria set forth in R.C. 2929.22 when: the sentence at issue is within the statutory limits; and there is no affirmative showing that the trial court failed to consider the applicable statutory factors.'" *Id.*, quoting *State v. Urban*, 3d Dist. Seneca Nos. 13-06-43 and 13-06-44, 2007-Ohio-4237, ¶ 13.

{¶12} Normally, a trial court is required to consider the appropriateness of imposing a community control sanction before imposing a jail term as a sentence for a misdemeanor. R.C. 2929.22(C). However, because Hittle's OVI conviction in this case is his second OVI conviction within a ten-year period, the trial court was required to sentence Hittle to a minimum of 10 days in jail and was authorized to sentence Hittle to up to six months in jail. R.C. 4511.19(G)(1)(b)(i). *See* R.C. 2929.22(A). The trial court imposed a term of 180 days in jail as well as the maximum seven-year driver's license suspension. R.C. 4511.19(G)(1)(b)(i), (iv). Thus, Hittle's jail term and driver's license suspension are both within the statutory limits. Furthermore, there is no indication in the record that the trial court failed to consider the appropriate R.C. 2929.22(B) factors. Thus, we presume that the trial court properly considered the criteria set forth in R.C. 2929.22 and determined that the sentence imposed is reasonably calculated to achieve the overriding purposes of misdemeanor sentencing set forth in R.C. 2929.21.

-7-

{¶13} Nevertheless, Hittle argues that the trial court abused its discretion by imposing the 180-day jail term and maximum driver's license suspension because he is "not the worst type of offender who committed the worst form of [the] offense, and [his] response to prior sanctions actually demonstrated that a maximum sentence was not necessary to deter him." (Appellant's Brief at 5). Indeed, R.C. 2929.22 provides that "[a] court may impose the longest jail term * * * only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C). Yet, despite Hittle's argument to the contrary, there is considerable evidence in the record that Hittle's response to prior sanctions for prior offenses necessitates the imposition of the 180-day jail term and seven-year license suspension to deter him from committing future crimes. Hittle's conviction in this case is his fifth OVI conviction. (*See* Doc. Nos. 7, 8, 63). In fact, at the time Hittle committed the OVI offense at issue in this case, he was the defendant in a separate proceeding for an OVI offense committed in Miami County, and he was subject to an administrative license suspension issued in connection with that offense. (Doc. Nos. 5, 62, 63). Hittle was convicted and sentenced in that case only three days after committing the instant OVI offense. (Doc. Nos. 62, 63). Thus, while Hittle may have been able to maintain his sobriety

for some time after his earlier OVI convictions, the record suggests that, at present, Hittle would not be responsive to less restrictive sanctions. Furthermore, Hittle has a lengthy history of convictions for other traffic offenses. (*See* Doc. Nos. 6, 7, 8). Given Hittle's extensive history of OVIs and other traffic offenses and his failure to conform his conduct to the law despite the sanctions imposed for those offenses, we cannot conclude that the trial court's decision to sentence Hittle to a 180-day jail term and impose a seven-year driver's license suspension was unreasonable, arbitrary, or unconscionable. Therefore, we conclude that the trial court did not abuse its discretion.

{¶14} Hittle's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**