[Cite as *State v. Platfoot*, 2024-Ohio-2681.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

                                                  CASE NO. 17-23-19

    PLAINTIFF-APPELLEE,

  v.

DUSTIN S. PLATFOOT,                         O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Sidney Municipal Court**
**Trial Court No. 23CRB00143**

**Judgment Affirmed**

**Date of Decision:  July 15, 2024**

---

**APPEARANCES:**

    *Scott A. Kelly* **for Appellant**

    *David M. Busick* **for Appellee**

**MILLER, J.**

{¶1} Defendant-Appellant, Dustin Platfoot ("Platfoot"), appeals the October 19, 2023 sentencing order issued by the Municipal Court of Sidney, Ohio. Platfoot contends the trial court abused its discretion by allegedly failing to consider the purposes of misdemeanor sentencing under R.C. 2929.21. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} Platfoot was originally charged with domestic violence stemming from an incident on March 29, 2023 where he allegedly choked his fiancée. Subsequently, on October 19, 2023, he accepted a negotiated plea of no-contest to an amended charge of assault in violation of R.C. 2903.13, a first-degree misdemeanor. The trial court accepted the no-contest plea and found from the facts in the complaint that Platfoot was guilty of the assault charge. The trial court then ordered a presentence investigation be prepared by the probation department.

{¶3} Later that same day, after the presentence investigation was completed, the trial court conducted the sentencing hearing. At the hearing, the judge explained he had now received and reviewed the presentence investigation report. Among the items addressed in the report were Platfoot's prior criminal record, his substance abuse treatment history, a statement from Platfoot regarding the offense, a victim impact statement, and that restitution was inapplicable. Platfoot's prior record

included both felony and misdemeanor convictions. Importantly, he was presently on probation and had an upcoming probation violation hearing.

{¶4} During the sentencing hearing, the trial court referenced that the report indicated Platfoot lacked remorse and refused to take ownership for his actions and that the victim had said she experienced trauma from the incident. Defense counsel also read a letter from Platfoot's work supervisor in support of Platfoot, which the trial court considered. The trial court further said it "has to consider the fact that [Platfoot] was asked to take a drug screening test today, and he's admitted to the probation department and the presentence investigation writer that he didn't want to do that because he was – he would be positive for methamphetamine and amphetamine." (Sentencing Tr. at 13). The trial court said "[a]ll of these factors weigh into" its sentencing decision, including "the mitigating factors" presented by Platfoot. (*Id.*).

{¶5} While acknowledging the recommendation in the presentence investigation report was to sentence Platfoot to 180 days in jail, the trial court sentenced him to 120 days in jail (with credit for three days served), a $50 fine, and costs. The trial court's written order indicated it "has considered the criteria as set forth in ORC 2929.22." (Oct. 19, 2023 Entry and Order). This appeal followed.

II. **ASSIGNMENT OF ERROR**

{¶6} Platfoot raises a single assignment of error for our review:

## Assignment of Error

**Appellant's sentencing of 120 days of jail was abuse of discretion of the presiding judge in the trial court as the court failed to consider the purposes of misdemeanor sentencing under O.R.C. 2929.21.**

## III. DISCUSSION

{¶7} In the assignment of error, Platfoot appeals the duration of his sentence. Platfoot acknowledges the trial court "considered the statements of the Defendant and his counsel as well as the pre-sentence investigation" at the sentencing hearing, but complains the court did not consider the purposes of misdemeanor sentencing under Ohio law, specifically R.C. 2929.21. (Appellant's Brief at 3-4). Therefore, according to Platfoot, the trial court abused its discretion and contends we should reverse its sentencing decision.

### A. Standard of Review

{¶8} We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. *State v. Hittle*, 2019-Ohio-5172, ¶ 8 (3d Dist.). "An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable." *Id.*, citing *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

### B. Applicable Law

{¶9} A trial court is required to consider the sentencing principles of R.C. 2929.21 and the criteria of R.C. 2929.22 before imposing a misdemeanor sentence. *Hittle* at ¶ 9. Pursuant to R.C. 2929.21, a court sentencing an offender for a

misdemeanor violation "shall be guided by the overriding principles of misdemeanor sentencing." R.C. 2929.21(A). The statute further provides:

> (A) … The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.
>
> (B) A sentence imposed for a misdemeanor … shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing … , commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

R.C. 2929.21(A), (B). The next statutory section, R.C. 2929.22, sets forth factors and other items the court shall consider in determining the appropriate sentence for a misdemeanor. *See* R.C. 2929.22(B), (C), (D).

{¶10} When the sentence is within the statutory limits and there is no affirmative showing that the trial court failed to consider the applicable statutory factors, "we presume that the trial court properly considered the criteria set forth in R.C. 2929.22 and determined that the sentence imposed is reasonably calculated to achieve the overriding purposes of misdemeanor sentencing set forth in R.C. 2929.21." *Hittle* at ¶ 11-12; *see also State v. Dennison*, 2012-Ohio-1988, ¶ 65 (6th Dist.) ("[w]hen a trial court imposes a sentence for a misdemeanor within the statutorily authorized range of sentences for the offense, a reviewing court will

presume the trial court complied with R.C. 2929.21 and R.C. 2929.22, absent evidence to the contrary").

### C. Analysis

{¶11} Platfoot complains that the trial court did not "reference even considering the purposes of misdemeanor sentencing." (Appellant's Brief at 3-4). However, a trial court is not required to place on the record "the consideration and weight of any factor" for misdemeanor sentencing under R.C. 2929.21 or 2929.22. *State v. O'Malley*, 2022-Ohio-3207, ¶ 75. The trial court also is not required to state its reasons on the record when sentencing on misdemeanor offenses. *State v. Maggette*, 2016-Ohio-5554, ¶ 35 (3d Dist.).

{¶12} We can presume the trial court complied with R.C. 2929.21. First, the sentence imposed for the assault charge was within the sentencing range for first degree misdemeanors. R.C. 2929.24(A)(1). The trial court sentenced Platfoot to 120 days in jail. Second, Platfoot has not affirmatively shown that the trial court failed to consider the purposes and principles of misdemeanor sentencing under R.C. 2929.21.

{¶13} In fact, it is unnecessary for us to afford the presumption of correctness to the trial court considering and applying R.C. 2929.21 in this case. "[T]he transcript of [Platfoot's] sentencing reflects that the municipal court considered the purposes of misdemeanor sentencing, both protective and punitive, and the need for altering [Platfoot's] behavior." *State v. Collins*, 2005-Ohio-4755, ¶ 11 (3d Dist.) (rejecting argument that trial court erred in sentencing by not following R.C.

2929.21). The record shows the trial court ordered, reviewed, and considered the presence investigation prior to sentencing. As in *Collins*, the trial court here reviewed Platfoot's past criminal record and his substance abuse treatment history, which were contained in the report. *Id.*; *see also State v. Cooper*, 2016-Ohio-4730, ¶ 13-14 (11th Dist.) (rejecting defendant's argument that the trial court failed to consider the sentencing criteria in R.C. 2929.21, where the trial court reviewed a presence investigation report prior to sentencing and made statements based on the report). The record also shows the trial court considered "the impact of the offense upon the victim," as well as the need to change Platfoot's behavior and rehabilitate him. R.C. 2929.21(A). In short, it is apparent the trial court was guided by the overriding principles and purposes of misdemeanor sentencing.

## IV. CONCLUSION

{¶14} For the foregoing reasons, Appellant's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Municipal Court of Sidney, Ohio.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/jlm**