[Cite as *State v. Gingerich*, 2025-Ohio-4908.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

   v.

MAXWELL D. GINGERICH,

      DEFENDANT-APPELLANT.

CASE NO. 14-25-10

OPINION AND
JUDGMENT ENTRY

Appeal from Marysville Municipal Court
Trial Court No. TRD2500839

**Judgment Affirmed**

Date of Decision:  October 27, 2025

APPEARANCES:

   *Darren L. Meade* and *Jacob D. Becker* for Appellant

   *Courtland A. Perry* for Appellee

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Maxwell D. Gingerich ("Gingerich"), appeals the March 5, 2025 judgment of sentence of the Marysville Municipal Court. For the reasons that follow, we affirm.

**{¶2}** On February 24, 2025, Gingerich was charged with speeding in violation of R.C. 4511.21(D)(1), a third-degree misdemeanor due to Gingerich having been convicted of three speeding violations within one year of the instant offense. *See* R.C. 4511.21(P)(1)(c).

**{¶3}** On March 5, 2025, Gingerich entered a plea of no contest. The trial court found Gingerich guilty and sentenced him to 60 days in jail with 30 days suspended, placed him on community control for three years, and fined him $500 plus costs. Gingerich was taken into custody to begin serving his jail term.

**{¶4}** On March 13, 2025, Gingerich filed a notice of appeal. Gingerich moved the trial court for a stay of execution of the jail term pending this appeal, but the trial court denied Gingerich's request. On March 20, 2025, this court stayed the execution of the jail term and released Gingerich on bond.

**{¶5}** Gingerich raises a single assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion by imposing an excessive and disproportionate jail sentence in violation of Ohio's misdemeanor sentencing principles.**

{¶6} In his sole assignment of error, Gingerich argues that the trial court did not consider the factors set forth in R.C. 2929.22 prior to imposing a jail term as part of his misdemeanor sentence. According to Gingerich, the record "is silent not only on the statutory framework, but also on any justification for why jail was necessary in this case." (Appellant's Brief at 5). Gingerich requests that his sentence be vacated and that we "remand the matter for resentencing with full and proper consideration of all applicable sentencing factors." (*Id.* at 7).

*Standard of Review*

{¶7} We review a trial court's sentence on a misdemeanor violation under an abuse-of-discretion standard. *State v. Hittle*, 2019-Ohio-5172, ¶ 8 (3d Dist.). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶8} A trial court is required to consider the sentencing principles of R.C. 2929.21 and the criteria of R.C. 2929.22 before imposing a misdemeanor sentence. *Hittle* at ¶ 9. Specifically, when imposing a sentence for a misdemeanor offense, R.C. 2929.21(A) states that a trial court "shall be guided by the overriding purposes" of "protect[ing] the public from future crime by the offender and others" and "punish[ing] the offender." This requires the trial court to

> consider the impact of the offense upon the victim and the need for
> changing the offender's behavior, rehabilitating the offender, and

-3-

> making restitution to the victim of the offense, the public, or the victim and the public.

R.C. 2929.21(A). Further, R.C. 2929.21(B) states that the

> sentence imposed for a misdemeanor . . . shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing . . . commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

{¶9} In turn, R.C. 2929.22(B)(1) contains a list of factors the trial court is to consider in determining the appropriate sentence for a misdemeanor.

> Stated generally, those factors include the nature and circumstances of the offense(s); whether the offender has a history of persistent criminal activity and is likely to commit another offense; whether there is a substantial risk that the offender will be a danger to others; whether the victim's circumstances made the victim particularly vulnerable to the offense or made the impact of the offense more serious; and factors relating to the offender's military service, if any.

*State v. Johnson*, 2022-Ohio-1782, ¶ 11 (2d Dist.).

{¶10} "In following the provisions of R.C. 2929.22, a trial court is not required to state its specific reasons for imposing a sentence for a misdemeanor conviction." *State v. Wilson*, 2018-Ohio-2805, ¶ 13 (3d Dist.). Instead, "this court will presume the trial court considered the criteria set forth in R.C. 2929.22 when: the sentence at issue is within the statutory limits; and there is no affirmative showing that the trial court failed to consider the applicable statutory factors." *State v. Urban*, 2007-Ohio-4237, ¶ 13 (3d Dist.).

**{¶11}** In this case, Gingerich argues that the trial court abused its discretion by imposing a jail term for a "nonviolent and relatively minor" speeding offense. (Appellant's Brief at 5). Gingerich contends that the record "contains no indication that the [t]rial [c]ourt reviewed or applied" the R.C. 2929.22 factors in fashioning his misdemeanor sentence. (*Id.*). We disagree.

**{¶12}** The record shows that Gingerich entered a plea of no contest to the instant offense after signing a statement of rights and waiver of counsel form. Following the no-contest plea, the prosecutor informed the trial court that Gingerich was cited for traveling 66 mph in a 55-mph zone and that he has been convicted of three speeding violations within the past year. Based on the prosecutor's statement of facts, the trial court found Gingerich guilty.

**{¶13}** Before imposing a sentence, the trial court asked Gingerich about his "repeated traffic violations" and stated, "You don't seem like you're going to follow the speed limit at all."[1] (Mar. 5, 2025 Tr. at 6). Gingerich responded that he planned to use cruise control in the future. The trial court asked, "So my question to you is, why shouldn't you do the sixty days? You have four speeds in a one-year period." (*Id.*). The prosecutor then informed the trial court that Gingerich has eleven prior

---

[1] In addition to the three prior speeding convictions within a one-year period, the trial court addressed Gingerich's history of traffic violations as follows:

> THE COURT: So you do have prior speeds. You've got a speed in 2020, a speed in 2019, a speed in 2017, assured clear distance ahead, speed in 2010, stop sign violation, speed in 2009. I could keep going. But you just have repeated traffic violations.

(Mar. 5, 2025 Tr. at 6).

speeding convictions, with the instant conviction being his "twelfth lifetime speeding offense." (*Id.* at 7). The trial court sentenced Gingerich to 60 days in jail with 30 days suspended. One of the conditions of the suspended jail term is that Gingerich not violate any traffic law while on three years of community control.

{¶14} Here, even though the sentence imposed seems harsh, there is no question that Gingerich's misdemeanor sentence falls within the statutory limits. Three or more speeding convictions within a one-year period is a misdemeanor of the third degree, and the maximum jail term a trial court can impose for a third-degree misdemeanor is 60 days. *See* R.C. 4511.21(D)(1), (P)(1)(c); R.C. 2929.24(A)(3). Moreover, the record shows that the trial court addressed Gingerich's extensive history of traffic violations and his failure to conform his conduct to the law. *See* R.C. 2929.22(B)(1)(a)-(c). The record further indicates that the trial court considered the appropriateness of imposing a community control sanction by suspending one-half of the jail term to deter Gingerich from committing future traffic violations. *See* R.C. 2929.22(C). Thus, the trial court properly considered the criteria of R.C. 2929.22 before imposing Gingerich's misdemeanor sentence.

{¶15} Based on the foregoing, we conclude that the trial court did not abuse its discretion by imposing a jail term as part of Gingerich's misdemeanor sentence.

{¶16} Gingerich's sole assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court. Additionally, we terminate the stay on the balance of the jail term and revoke appellant's bond. However, the matter is remanded to the trial court to correct by nunc pro tunc entry the degree of the misdemeanor set forth in the judgment entry of conviction.

*Judgment Affirmed*

**MILLER, J., concurs.**

**WALDICK, P.J., concurs separately.**

{¶18} I concur with the majority in analysis and outcome. However, even though the Appellant's sentence falls within the statutory limits, a 30-day jail sentence for a fully employed father of two young children who exceeded the posted speed limit by 11 miles per hour is harsh, even in light of the Appellant's prior traffic record. The Appellant did not endanger anyone or cause any harm. The State only recommended a three-day jail sentence, yet the court elected to impose 20 times that amount, albeit, half of that being suspended. The disproportionate amount of incarceration becomes glaring when compared to other vehicular offenses, OVI for example. A first time OVI offender is generally sentenced to the minimum of three days in jail and can attend an alcohol school in lieu jail time, a second time OVI offender is generally sentenced to the minimum required ten-day jail sentence and even a third time OVI offender is usually sentenced to the minimum 30-jail

sentence. A 60-day suspended sentence with a period of probation or community control would have achieved the same goal without the unnecessary economic impact on the Appellant and his family. Just because a court can impose a certain sentence, does not mean that it should. I find the sentence imposed in this case grossly disproportionate to the conduct by the Appellant.

Case No. 14-25-10

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge
Concurs Separately


DATED:
/hls